**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**MISSOULA DIVISION**

_____

PATTY LOVAAS,

                Plaintiff,

      vs.

BRAD JOHNSON, in his official
capacity as Secretary of State
of the State of Montana,

                Defendant.

CV 08-153-M-DWM-JCL

FINDINGS & RECOMMENDATION
OF UNITED STATES
MAGISTRATE JUDGE

_____

      Defendant Brad Johnson ("Secretary Johnson"), Montana

Secretary of State, has moved under Federal Rule of Civil

Procedure 12(b) to dismiss the Complaint for lack of subject

matter jurisdiction and failure to state a claim upon which

relief can be granted.  For the reasons set forth below, the

motion should be granted.

PAGE 1

**I.  Background**[1]

Plaintiff Patty Lovaas ("Lovaas") sought the nomination of the Republican Party for one of Montana's United States Senate seats in the June 3, 2008, primary election.  Compl. ¶ 8 (Oct. 23, 2008). Lovaas lost in the official primary canvass, garnering approximately ten percent of the 74,164 votes cast and coming in fourth out of the six Republican candidates.[2]  Bob Kelleher won the Republican Party nomination, but lost to incumbent Senator Max Baucus in the general election by a nearly three to one margin.[3]

Lovaas states that shortly after the primary election she canvassed a number of individual voters in Granite County, Montana and "confirmed substantially different results from the

---

[1] For purposes of the pending motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) & (6), the following facts are taken from the Complaint, as supplemented by matters of public record of which the court may take judicial notice.  *See Wah Chang v. Duke Energy Trading and Marketing, LLC,* 507 F.3d 1222, 1224 n. 1 (9th Cir. 2007); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

[2] *See* 2008 Statewide Primary Canvass, <u>available at</u> <u>http://sos.mt.gov/ELB/archives/2008/primary/2008-State-Primary.pdf</u>.

[3] Bob Kelleher received 128,762 votes in the general election, and Senator Max Baucus received 345,937.  *See* 2008 Unofficial General Election Results for United States Senate, <u>available at</u> <u>http://sos.mt.gov/ELB/elections/2008/general/Statewide</u> Races/USSenate/index.asp.

official primary results." Compl. ¶ 12.  Although it is not
entirely clear, it appears that Lovaas claims to have canvassed
85 voters in Granite County, which is one of the fifty six
counties participating in the Montana Republican Party's primary
election.  Compl. Ex. A.  According to Lovaas, none of the
individuals she canvassed would confirm having voted for the
winner, Bob Kelleher.  Compl. Ex. A.  Lovaas alleges the results
of this canvassing effort constitute "substantial evidence" that
the official primary election "results differ significantly from
those reported by individual voters." Compl. 14.  Lovaas
believes "[t]his in turn violates rights guaranteed to [her] by
the First and Fourteenth Amendments to the United States
Constitution, as enforced by 42 U.S.C. § 1983." Compl. ¶ 14.

    Lovaas invokes this Court's federal question jurisdiction
under Article III of the United States Constitution and the
general federal question statute, 28 U.S.C. § 1331.  Compl. ¶ 2.
Lovaas also claims this Court has jurisdiction under the civil
rights jurisdictional statute, 28 U.S.C. 1343(a)(3).

    By way of relief, Lovaas seeks "a declaratory judgment that
the official 2008 primary election results for the Republican
nominee differ significantly from [her] canvassing results."
Compl. p. 3.  Lovaas also asks the Court to "order a manual audit
of votes cast in the 2008 primary for U.S. Senate in at least six
counties to be chosen by [her] to confirm the discrepancy in the

PAGE 3

official results in addition to comparing the official reported results with [her] post election canvass." Compl. p. 3. Finally, Lovaas suggests that relief may likewise be appropriate under Mont. Code Ann. § 13-35-17, which authorizes a court to void the results of an election if the court finds that a violation of Title 13 of the Montana Code Annotated "probably affected the outcome" of that election. Compl. p. 3.

Secretary Johnson has since moved to dismiss Lovaas' Complaint under Federal Rule of civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, and under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Secretary Johnson maintains that Lovaas' claims are moot and the Complaint fails to allege a constitutional violation.

**I.  Legal Standards**

   A.  Rule 12(b)(6) Motion to Dismiss

A cause of action may be dismissed under Fed. R. Civ. P. 12(b)(6) either when it asserts a legal theory that is not cognizable as a matter of law, or if it fails to allege sufficient facts to support an otherwise cognizable legal claim. *SmileCare Dental Group v. Delta Dental Plan of California, Inc.*, 88 F.3d 780, 783 (9th Cir. 1996).

To withstand such a motion, "the plaintiff must allege 'enough facts to state a claim to relief that is plausible on its

face.'" *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. Sept. 26, 2008)(*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007)).  While the plaintiff need not include detailed factual allegations, the complaint must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 127 S.Ct. at 1964-65.  In determining whether the plaintiff has satisfied this burden, the court accepts "all facts alleged in the complaint as true," as well as reasonable inferences to be drawn from them, and "constru[es] them in the light most favorable to the plaintiff." *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004).  However, the court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Cholla Ready Mix*, 382 F.3d at 973.

B.  Rule 12(b)(1) Motion to Dismiss

A defendant may pursue a dismiss for lack of jurisdiction under Rule 12(b)(1) either as a facial challenge to the allegations of a pleading, or as a substantive challenge to the facts underlying the allegations. *Savage v. Glendale Union High School, Dist. No. 205, Maricopa County*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).  A facial challenge to the jurisdictional allegations is one which contends that the allegations "are insufficient on their face to invoke federal jurisdiction." *Safe*

PAGE 5

*Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039.

Resolution of a facial challenge to jurisdiction depends on the allegations in the complaint, and does not involve the resolution of a factual dispute. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). In a facial challenge the court must assume the allegations in the complaint are true and it "must draw all reasonable inferences in [plaintiff's] favor." *Wolfe*, 392 F.3d at 362. Where, as here, a plaintiff is proceeding pro se, the court must liberally construe the allegations in the complaint. *Wolfe*, 392 F.3d at 362.

**III.  Discussion**

Secretary Johnson argues that Lovaas' Complaint should be dismissed for lack of subject matter jurisdiction and, alternatively, because she has failed to state a claim under federal law. Secretary Johnson is correct.

That these are indeed alternative arguments is apparent from the Ninth Circuit's discussion in *Bollard v. California Province of the Society of Jesus*, 196 F.3d 940, 951 (9th Cir. 1999). As the *Bollard* court explained, "[f]ailure to state a claim under federal law is not the same thing as failure to establish federal

PAGE 6

question jurisdiction under 28 U.S.C. § 1331." *Bollard*, 196 F.3d at 951.  Rather, "[a]ny non-frivolous assertion of a federal claim suffices to establish federal question jurisdiction, even if that claim is later dismissed on the merits under Rule 12(b)(6)." *Bollard,* 196 F.3d at 951.

The threshold question for purposes of determining whether this Court has jurisdiction, then, is whether Lovaas has asserted a non-frivolous federal claim.  *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 n.2 (2006) ("A claim invoking federal-question jurisdiction under 28 U.S.C. § 1331... may be dismissed for want of subject matter jurisdiction if it is not colorable, i.e. if it is "immaterial and made solely for the purpose of obtaining jurisdiction" or is "wholly insubstantial and frivolous.").

On its face, Lovaas' Complaint identifies a federal constitutional claim.  Lovaas characterizes her action as one "to enforce rights guaranteed to the plaintiff by the First and Fourteenth Amendments to the United States Constitution."  Compl. ¶ 1.  Specifically, she claims she "has substantial evidence through individual voter canvassing that the official [primary election] results differ significantly from those reported by individual voters," which "in turn violates rights guaranteed to [her] by the First and Fourteenth Amendments to the United States Constitution, as enforced by 42 U.S.C. § 1983."  Compl. 14.

PAGE 7

Even assuming that Lovaas has passed the jurisdictional threshold identified above by asserting a non-frivolous federal claim, her Complaint should be dismissed on the merits under Rule 12(b)(6) because she has failed to state a claim for relief. *See Bell v. Hood*, 327 U.S. 678, 682 (1946) ("If the court...exercise[s] its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction.").

Title 13 Chapter 36 of the Montana Code Annotated sets forth the procedure by which a person may contest the results of a nomination or election to public office. Mont. Code Ann. § 13-36-101 et. seq. Such an election contest must be commenced within five days after a candidate has been certified as nominated. M.C.A. § 13-36-102(1). Title 13 Chapter 16 governs election recounts. Mont. Code Ann. § 13-16-101 et. seq. Lovaas does not claim to have contested the results of the June 3, 2008, primary election or otherwise availed herself of her statutory remedies under state law. Compl.; Pl.'s Br. in Opposition to Def.'s Mot. to Dismiss (Dec. 1, 2008).

Lovaas opted to instead seek relief in federal court, characterizing her challenge to the integrity of the primary election results and request for a manual audit as a claim under 42 U.S.C. § 1983 for alleged violations of her Fourteenth

PAGE 8

Amendment due process rights and First Amendment free speech rights.  Although Lovaas technically alleges a constitutional violation, simply using the appropriate terminology does not mean that she has stated a viable constitutional claim.

For a state election to result in the denial of substantive due process, it must be "conducted in a manner that is fundamentally unfair." *Montana Chamber of Commerce v. Argenbright*, 226 F.3d 1049, 1058 (9th Cir. 2000).  The Ninth Circuit has drawn an express "distinction between 'garden variety' election irregularities and a pervasive error that undermines the integrity of the vote." *Bennett v. Yoshina*, 140 F.3d 1218, 1226 (9th Cir. 1998).  Garden variety irregularities, such as mechanical or human error in counting votes, "do not violate the Due Process Clause, even if they control the outcome of the vote or election." *Bennett*, 140 F.3d at 1226.

Even assuming, as Lovaas claims, that 86 of the more than 74,000 people who voted in the Republican primary election would not admit to her that they voted for Bob Kelleher, that does not suggest the presence of "a pervasive error" undermining "the integrity of the vote."  Lovaas has thus failed to state a claim for relief under section 1983 for violation of her Fourteenth Amendment due process rights.

Nor has Lovaas stated a claim for relief for violation of her First Amendment rights.  Even taking the allegations in the

PAGE 9

Complaint as true, the Court fails to see how the procedure by which the primary election was conducted could have violated any of Lovaas' First Amendment rights.  While Lovaas alleges she could not find any Granite County voters who would admit to having voted for Bob Kelleher, she does not allege any facts that would support a finding that she was somehow deprived of her First Amendment rights.   Lovaas thus fails to state a constitutional claim upon which relief can be granted and dismissal under Rule 12(b)(6) is appropriate.

To the extent Lovaas asserts various statutory violations, this Court lacks subject matter jurisdiction over her claims. Lovaas alleges her "suit is authorized by 18 U.S.C. §§ 241 and 242."  Complaint ¶ 3.  But 18 U.S.C. §§ 241 and 242 are criminal statutes that do not provide for a private right of action.  *See Rockefeller v. U.S. Court of Appeals Office for Tenth circuit Judges*, 248 F.Supp.2d 17, 23 (D.D.C. 2003) (explaining that 18 U.S.C. §§ 241 and 242 are criminal statutes which do not convey a private right of action).  Because those criminal statutes do not create a private right of action, there is no substantial federal question over which this Court can exercise jurisdiction.  *See e.g.*, *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 814 (1986).  Lovaas also seeks relief under Montana's statutory election invalidation provision, Mont. Code Ann. § 13-35-107. But because any such claim does not arise under federal law and

PAGE 10

does not constitute a right, privilege, or immunity secured by federal law, federal question jurisdiction is lacking.

**IV.  Conclusion**

Based on the foregoing,

IT IS RECOMMENDED that Lovaas' constitutional claims under Section 1983 should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief can be granted, and any remaining claims should be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.[4]

DATED this 17th day of December, 2008.


 /s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

---

[4] Having so concluded, the Court need not address Secretary Johnson's alternative argument that Lovaas' claims should be dismissed as moot.