

FILED

FEB 0 4 2009

PATRICK E. DUFFY, CLERK

By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| PATTY LOVAAS, | ) | CV 08-153-M-DWM-JCL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| BRAD JOHNSON, in his official | ) | |
| capacity as Secretary of State of | ) | |
| the State of Montana, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Lovaas filed this action alleging violation of her constitutional

rights and other statutory claims arising from what she alleges were improprieties

in the June 3, 2008 Montana Republican Primary for the office of United States

Senator. Lovaas was a candidate in the primary and received roughly ten percent

of the 74,164 votes cast. Lovaas alleges that she later personally canvassed 85

voters in Granite County, none of whom would confirm having voted for Bob

Kelleher, the declared winner of the Republican Senate primary.

Defendant Brad Johnson filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6). United States Magistrate Judge Jeremiah C. Lynch considered the motion and entered Findings and Recommendations in which he concludes that the motion should be granted and the Complaint should be dismissed. Judge Lynch determined that the Complaint fails to state a claim with respect to the constitutional allegations because Lovaas' informal canvass of 85 voters does not constitute the presence of a pervasive error undermining the integrity of the vote as required of a Fourteenth Amendment due process claim, and the Complaint is devoid of allegations in support of the claim denial of First Amendment rights. As for the statutory claims, Judge Lynch explained that the federal statutes relied upon by the Plaintiff are criminal statutes that do not confer a private right of action, meaning the Court lacks subject matter jurisdiction over those claims. The Magistrate also concluded that the Court lacks subject matter jurisdiction over the Plaintiff's claim arising under a state statute, Mont. Code Ann. § 13-35-107.

Plaintiff did not timely object and so has waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendations for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed."

United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000).  I can find no clear error with Judge Lynch's Findings and Recommendations, and therefore adopt them in full.

Accordingly, IT IS HEREBY ORDERED that the Plaintiff's constitutional claims are DISMISSED under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, and all remaining claims are DISMISSED under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

DATED this ___ day of February, 2009.

Donald W. Molloy, District Judge
United States District Court